# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| TIMOTHY ROBISON, <br> Plaintiff(s) <br><br> v. <br><br> NOVO NORDISK INC., NOVO NORDISK A/S, ELI LILLY AND COMPANY, and LILLY USA, LLC, <br> Defendant(s). | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Timothy Robison.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: [Not Applicable], as [Not Applicable] of the estate of [Not Applicable], deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): [Not Applicable].

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: [Not Applicable].

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    XX   Novo Nordisk Inc.

    XX   Novo Nordisk A/S

    XX   Eli Lilly and Company

    XX   Lilly USA, LLC

    _____ other(s) (identify): _____

**JURISDICTION AND VENUE**

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Girard, Pennsylvania (Erie County)

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Pennsylvania

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Pennsylvania

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Girard, Pennsylvania (Erie County)

10. Jurisdiction is based on:

    __XX__ diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the Western District of Pennsylvania, United States District Court for the District of Delaware, United States District Court for the District of New Jersey, and United States District Court for the Southern District of Indiana

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __XX__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

__XX__ other (plead in sufficient detail as required by applicable rules):

Defendant, Novo Nordisk Inc., is and at all relevant times has been a Delaware Corporation with a principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

Defendants, Eli Lilly and Company and Lilly USA, LLC, are and at all relevant times have been respectively an Indiana corporation and an Indiana limited liability company with a principal place of business at 893 South Delaware Street, Indianapolis, Indiana 46225.

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

[Not Applicable]

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

**XX** Ozempic (semaglutide)

\_\_\_\_\_ Wegovy (semaglutide)

\_\_\_\_\_ Rybelsus (oral semaglutide)

\_\_\_\_\_ Victoza (liraglutide)

\_\_\_\_\_ Saxenda (liraglutide)

\_\_\_\_\_ Trulicity (dulaglutide)

**XX** Mounjaro (tirzepatide)

\_\_\_\_\_ Zepbound (tirzepatide)

\_\_\_\_\_ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic (semaglutide) - Approximately 01/2022 to 07/2023

Mounjaro (tirzepatide) - Approximately 11/2023 to 12/2023

5

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

　　__XX__ Gastroparesis

　　__XX__ Other gastro-intestinal injuries (specify) _Nausea, vomiting, diarrhea, and pain_

　　_____ Ileus

　　_____ Ischemic Bowel/Ischemic Colitis

　　_____ Intestinal Obstruction

　　_____ Necrotizing Pancreatitis

　　_____ Gallbladder Injury (specify) _____

　　_____ Micronutrient Deficiency

　　_____ Wernicke's encephalopathy

　　_____ Aspiration

　　_____ Death

　　_____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?
Approximately 07/2022 and 12/2023

6

18.  In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

**XX** Injury to self

_____ Injury to person represented

**XX** Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__XX__ Count I:     Failure to Warn – Negligence

__XX__ Count II:    Failure to Warn – Strict Liability

__XX__ Count III:   Breach of Express Warranty/Failure to Conform to Representations

__XX__ Count IV:    Breach of Implied Warranty

__XX__ Count V:     Fraudulent Concealment/Fraud by Omission

_____ Count VI:    Fraudulent/Intentional Misrepresentation

__XX__ Count VII:   Negligent Misrepresentation/Marketing

__XX__ Count VIII:  Strict Product Liability Misrepresentation/Marketing

_____ Count IX:    Innocent Misrepresentation/Marketing

_____ Count X:     Unfair Trade Practices/Consumer Protection (see below)

__XX__ Count XI:    Negligence

__XX__ Count XII:   Negligent Undertaking

__XX__ Count XIII:  State Product Liability Act (see below)

_____ Count XIV:   Wrongful Death

_____ Count XV:    Loss of Consortium

_____ Count XVI:   Survival Action

__XX__ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

Discovery rule and equitable tolling of statutes of limitations
_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:
[Not Applicable]_____

_____

_____

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):
[Not Applicable]_____

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   > N.J.S.A. 2A:58C-1, et seq. - N.J.S.A. 2A:58C-2 provides, "A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it:...b. failed to contain adequate warnings or instructions...."

   > IC 34-20-1-1, et seq. - IC 34-20-4-2 provides, "Sec. 2. A product is defective under this article if the seller fails to: (1) properly package or label the product to give reasonable warnings of danger about the product; or (2) give reasonably complete instructions on proper use of the product; when the seller, by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer."

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   > N.J.S.A. 2A:58C-1, et seq. - Claims under New Jersey law are pled in the alternative, but, to the extent applicable, causes of action for negligence, strict liability, and implied warranty would be subsumed.

   > IC 34-20-1-1, et seq. - Claims under Indiana law are pled in the alternative, but, to the extent applicable, causes of action for negligence and strict liability would be subsumed.

   c. Identify the factual allegations supporting those claims:

   > Plaintiff incorporates by reference the Amended Master Long Form Complaint and Demand for Jury Trial.

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? __[No separate pre-suit notice has been provided to Defendants]__. If so, attach such notice.

10

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: December 10, 2025

By:
Jessica W. Hayes (Louisiana 28927)
Murray Law Firm
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone: (504) 525-8100 / Facsimile: (504) 584-5249
E-mail: jhayes@murray-lawfirm.com